# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN RENEE WILLIAMS** | **CIVIL NO. 6:16-0216** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHERIFF MICHAEL COUVILLION** | **MAGISTRATE JUDGE HANNA** |

## ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is a Motion for Appointment of Counsel filed by plaintiff, Martin Renee Williams, on May 20, 2016. [rec. doc. 11].  Plaintiff is proceeding in *forma pauperis*. [rec. doc. 4].

Plaintiff filed suit on February 16, 2016 alleging that she was subjected to race and gender discrimination while employed by the Vermilion Parish Sheriff's Office.  More specifically, she alleges that during her employment she was subjected to different terms and conditions of employment than her white counterparts, and ultimately was dismissed from her employment on December 20, 2013.

By the instant motion,  plaintiff seeks appointment of counsel in connection with this Title VII discrimination suit under the provisions of 42 U.S.C. §2000e-5(f)(1).[1]

---

[1]Section 706(f)(1) of the Civil Rights Act provides:
"[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."  42 U.S.C.

2

A Title VII plaintiff has no absolute right to an appointed counsel.  *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Rather the decision of whether to provide counsel lies solely within the discretion of the court.  *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) *citing Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir. 1977), *o'ruled on other grounds by Hodges v. Dept. of Corrections*, 895 F.2d 1360, 1362 (11th Cir. 1990). The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases.  The factors are:  (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination.  *Id. citing Caston,* 556 F.2d at 1309-10 and  *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984).

The record contains sufficient information for the undersigned to make a determination with respect to the first and second factors.  However, on the record currently before the court, the undersigned cannot make a determination with respect to the third factor, the merits of plaintiff's claim.

In order to evaluate the merits of plaintiff's claim, the court must consider the determination of the EEOC.  An unfavorable determination is "highly

---

§2000e-5(f)(1).

probative."  However, it cannot be given preclusive effect.  An adverse EEOC determination "is not to be ignored."  This is particularly true when the finding is supported by substantial evidence in the investigative file.  Such circumstances "weigh heavily in the scales against appointing an attorney."  *Caston*, 556 F.2d at 1309; *Neal*, 722 F.2d 250.  Thus, the Fifth Circuit has acknowledged the propriety of a Magistrate Judge's review of the EEOC investigative file for the purpose of evaluating the merits of a Title VII claim.  *Neal,* 722 F.2d at 250.

Plaintiff alleges that she received a "dismissal/right to sue letter" from the EEOC dated November 16, 2015.  A copy of that letter is not attached to the pleading.  Accordingly, the record does not disclose the basis for the EEOC's adverse determination.   Additionally, the EEOC's investigative file is not in the record.  Thus, the undersigned cannot determine if the adverse determination was supported by substantial evidence.  Accordingly,  there is insufficient information in the record at this time to make an evaluation of the merits of plaintiff's claim.

In order for this court to obtain the investigative file and any additional information relied upon by the EEOC in making its determination with respect to plaintiff's charge, the EEOC customarily requires a court order.  A separate order will issue directing the filing of the EEOC's investigative file. To the extent any documents contained in that file may be protected by the deliberative information

privilege, the undersigned shall conduct an *in camera* inspection and shall place all such documents under seal.

The weight of authority requires that a plaintiff establish a *prima facie* claim, or a claim that has at least "some chance" of prevailing. *Poindexter v. FBI*, 737 F.2nd 1173, 1187 (D.C.Cir.1984). *See also Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir.1984). Therefore, any additional information from Martin Renee Williams concerning the merits of her claim may be submitted to facilitate a thorough evaluation. Accordingly;

**IT IS ORDERED** that plaintiff, Martin Renee Williams, **may** file a written statement with the court on or before **June 6, 2016**  Martin Renee Williams possesses which would establish that she was subjected to racial or gender discrimination during employment or  that she was fired because of racial or gender discrimination;

The **Clerk** is directed to set plaintiff's Motion for Appointment of Counsel [rec. doc. 3] for consideration **without oral argument** on the undersigned's **July 26, 2016** motion calendar.

Signed at Lafayette, Louisiana on this 23rd day of May, 2016.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**