UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARTIN RENEE WILLIAMS | CIVIL ACTION NO. 16-cv-0216 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| VERMILLION PARISH SHERIFF | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending before the Court is the defendant's motion for summary judgment [Rec. Doc. 42]. The motion is opposed [Rec. Doc. 44]. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the defendants' motion for summary judgment is denied.

This is an employment discrimination action based on allegations of racial and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. On February 23, 2006, the plaintiff, Martin Renee Williams, an African American female, began working for the Vermillion Parish Sheriff Office ("VPSO") as a correctional deputy and was promoted to correctional sergeant in December 2008.[1]

During Williams's employment, she was the subject of an investigation regarding whether she violated the code of conduct by cheating on her recertification

---

[1] Rec. Doc. 44-3, p.11-12.

1

of firearms exam. VPSO policy requires employees to be certified with a Louisiana P.O.S.T. certificate for firearms qualification to receive state supplemental pay and to annually recertify to continue receiving state supplemental pay.[2] This firearm certification consists of an exam where the employee shoots their department issued weapon from different distances and positions under time constraints.[3] However, in October of 2013, Williams failed to qualify with her service weapon and did not receive her Louisiana P.O.S.T. certificate for firearms qualification.[4]

After failing to recertify, Williams attended a firearms session with Officer Stan Suire and he submitted the results of that session as a qualifying score for Williams to receive her Louisiana P.O.S.T. certification. VPSO started an investigation regarding Williams's qualification exam. Based on the investigation, Lieutenant Sammy LaPorte issued a report which concluded Williams intentionally cheated on her exam and did not attempt to stop Officer Suire from submitting a fraudulent score. As a result, Lieutenant William Vincent recommended Williams's termination.[5]

---

[2] Rec. Doc. 42-3, p.2.

[3] Rec. Doc. 42-3, p. 2.

[4] Rec. Doc. 42-3, p. 1-2.

[5] Rec. Doc. 42-4, p. 1.

Williams appealed Lt. Vincent's recommendation to the department head for VPSO and a termination appeal hearing was held.[6] At the hearing, the board agreed and supported the recommendation that Williams should be terminated.[7] Williams then took her final appeal to Sheriff Couvillion and the recommendation was affirmed.[8] Accordingly, Williams was terminated on December 20, 2013.[9]

Williams filed a charge of discrimination with the Equal Employment Opportunity Commission and subsequently received a right to sue letter.[10] On February 16, 2016, Williams filed the present lawsuit against Sheriff Couvillion. In her *pro se* complaint, Williams alleged that during her employment she was subject to different terms and conditions based on her race and gender and then terminated without reason. On January 16, 2018, defendant Sheriff Michael Couvillion filed the present motion for summary judgment.

Sheriff Couvillion contends that Williams was terminated for a legitimate, non-discriminatory reason. In opposition, Williams contends that there is no basis for her termination because she was practicing in order be actually certified. She also

---

[6] Rec. Doc. 42-4, p.4.

[7] Rec. Doc. 42-4, p.2.

[8] Rec. Doc. 42-4, p.2.

[9] Rec. Doc. 42-4, p.2

[10] Rec. Doc. 19-1.

indicated that she so informed her superiors and that Suire took it upon himself to try and certify her based on practice rounds without her knowledge. Since her superiors knew she was only practicing, their basis for her termination is pretextual in nature.

Under the standard of *McDonnell Douglas,* [11] for establishing a *prima facie* case of discrimination, plaintiff must show (1) she belongs to a protected class - undisputed; (2) she was qualified for her position - disputed by the defendants based on the firearm requirement; (3) she suffered an adverse employment action - not disputed as to termination; and (4) similarly situated employees were treated more favorably. As to the last element, plaintiff provided evidence of other white male officers engaging in conduct which earned them disciplinary action short of termination. Plaintiff contends her superiors were aware of her practicing, that she did not cheat on her scores, and that someone without her knowledge or consent tried to get her qualified. If accepted as true, she was qualified for her job yet she was terminated for an offense she didn't intentionally commit. Therefore, drawing the inference in favor of the non-movant, she has established a *prima facie* case.

Given the presumption that arises at this stage, the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for her termination. The defendants contend it was due to the contested "cheating" scandal. The plaintiff thsn

---

[11]  *McDonnell Douglas Corp., v. Green* 411 U.S. 792, 802 (1973).

4

contends that her termination was contrived and pretextual as opposed to having any merit - once again raising a credibility question. Moreover, the Court must draw every inference in her favor at the summary judgment stage.

Based on the parties' contentions and the evidence submitted, the Court finds there is a genuine issue of material fact regarding the basis of Williams' termination as a threshold matter that requires a credibility determination by the jury. Accordingly, the defendant's motion for summary judgment [Rec. Doc. 42] is DENIED.

Signed at Lafayette, Louisiana on this 28th day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE