# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**MARTIN RENEE WILLIAMS**           CASE NO. 6:16-CV-00216

**VERSUS**                          MAGISTRATE JUDGE HANNA

**SHERIFFS OFFICE VERMILION         BY CONSENT OF THE PARTIES
PARISH ET AL**

## MEMORANDUM RULING

As ordered by the Court, currently under consideration is the plaintiff's memorandum in support of maintaining claims (Rec. Doc. 69) and the sheriff's response thereto (Rec. Doc. 70). After discussion during the pretrial conference held on September 13, 2018, the Court issued an order placing the parties on notice of its intent to dismiss the plaintiff's alleged causes of action for gender discrimination and retaliation, prior to the October 1, 2018 trial setting, unless the plaintiff came forward with evidence that might establish a prima facie case of those two causes of action.[1] The Court's order outlined specific concerns regarding the plaintiff's right

---

[1] The Fifth Circuit has "consistently held that a district court can dismiss an action *sua sponte* only '"as long as the procedure employed is fair."'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004). "Although we have stopped short of enunciating a bright-line rule, we have '"suggested that fairness in this context requires both notice of the court's intention [to dismiss *sua sponte*] and an opportunity to respond."'" *Gaffney*, 294 F. App'x at 977 (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting *Carroll*, 470 F.3d at 1177)).

and/or ability to proceed on any alleged cause of action for either gender discrimination, which was not administratively exhausted, or retaliation, for which the plaintiff has not alleged any "protected activity," other than her EEOC charge, filed approximately eight months after her termination. In addition, neither cause of action appears in the pretrial order, in which the plaintiff describes her claims, in full, as follows:

> Martin Williams, a black female, claims that she was terminated by Sheriff Michael Couvillion due to race and color discrimination. Martin Williams claims that several similarly situated individuals were not terminated after being involved in similar and/or worse investigations than the investigation that led to the termination of Martin Williams. The similarly situated individuals are either white males or white females.[2]

The parties then list only two contested issues of fact and law:

1. Was Martin Williams terminated on the basis of her protected class?
2. Was Martin Williams terminated for a legitimate non-discriminatory reason?[3]

During the pretrial conference, the Court inquired as to the viability of the plaintiff's cause of action. Following that discussion, the Court ordered the plaintiff to establish a prima facie case of both claims or risk dismissal thereof.

At the outset, the Court emphasizes that the plaintiff failed to assert causes of action for gender discrimination, retaliation, failure to promote, or hostile work

---

[2] Rec. Doc. 66, p. 1.
[3] *Id*. at p. 2.

environment in the pretrial order. In the Fifth Circuit, "[i]t is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial."[4] "Claims, issues, and evidence are narrowed by the pretrial order, thereby focusing and expediting the trial."[5] "If a claim or issue is omitted from the final pretrial order, it may be waived, even if it appeared in the complaint."[6] Here, the plaintiff waived her claims for gender discrimination, retaliation, failure to promote, and hostile work environment, based solely on their omission from the pretrial order. Nonetheless, the Court broached the issues of retaliation and gender discrimination during the pretrial conference, and in the order that followed, in an effort to allow the plaintiff to clarify her case prior to trial. For the reasons that follow, the Court finds that the plaintiff's claims for failure to promote and hostile work environment are not properly before the Court, and the claims for gender discrimination and retaliation are subject to dismissal.

As to gender discrimination, the Court's order put the plaintiff on notice that the claim was at risk of dismissal, in part, due to the plaintiff's failure to exhaust administrative remedies. The sheriff's response further asserts that the plaintiff

---

[4] *Martin v. Lee*, 378 F. App'x 393, 395 (5th Cir. 2010) (citing *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (quoting *Branch–Hines v. Hebert*, 939 F.2d 1311, 1319 (5th Cir. 1991))).
[5] *Id*. (citing *Elvis*, 141 F.3d at 206 (claims not preserved in a joint pretrial order were waived); *Branch–Hines*, 939 F.2d at 1319 (the pretrial order asserted the plaintiff's full range of damages)).
[6] *Id*. (citing *Elvis*, 141 F.3d at 206).

failed to exhaust administrative remedies as to the failure to promote and the allegations surrounding her placement while on light duty. The sheriff also challenges the plaintiff's ability to assert a cause of action for hostile work environment, for the first time, in the instant memorandum.

Title VII requires employees to exhaust their administrative remedies before seeking judicial relief.[7] Therefore, a Title VII complaint is limited "by the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'"[8] The applicable standard "is not the scope of actual investigation but what we reasonably would expect the EEOC to investigate," based on the charge and supporting documentation.[9] In the Fifth Circuit, courts "engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label."[10] "In sum, a Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'"[11] Thus, the Court begins by reviewing the plaintiff's EEOC charge and questionnaire.

---

[7] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)).
[8] *Pacheco*, 448 F.3d at 789 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).
[9] *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 n.9 (5th Cir. 1994) (citing *Young v. City of Houston*, 906 F.2d 177 (5th Cir. 1990)).
[10] *Pacheco*, 448 F.3d at 789 (citations omitted).
[11] *McClain*, 519 F.3d at 273 (quoting *Sanchez*, 431 F.2d at 466).

In her EEOC charge, the plaintiff checked only the appropriate boxes for race and retaliation, as the alleged discriminatory bases, and indicated that the alleged discrimination took place on December 15, 2013, on or about the date of the plaintiff's termination.[12] In the area of the EEOC charge designated for insertion of "the particulars" of the plaintiff's claim, the charge indicates the following, in its entirety:

> I was hired by Vermilion Parish Sheriff[']s Office on February 22, 2006. During my employment, I was suspended and subjected to terms and conditions of employment. On December 15, 2013, I was discharged as a Sergeant. The company employs more than 200 employees.
>
> No reason was given for the action taken against me.
>
> I believe I have been discriminated against because of my race, Black and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.[13]

On her EEOC intake questionnaire, in response to an inquiry as to what happened that the plaintiff believed to be discriminatory, the plaintiff stated only that she was "placed under investigation" by the sheriff and "served termination (first)

---

[12] Rec. Doc. 19-1, pp. 15, 19. The EEOC charge provides a space for the plaintiff to indicate both the earliest and latest dates on which the discrimination is alleged to have taken place, and the plaintiff indicated that the discrimination in this case both began and ended on December 15, 2013. In her EEOC charge, the plaintiff indicates that she was discharged on December 15, 2013; however, in her deposition, she recalled the date to be December 19, 2013, and in her complaint and amended complaints, she represented that she was terminated on December 20, 2013. *See* Rec. Doc. 19-1, p. 15; Rec. Doc. 44-3, pp. 3-4; and Rec. Docs. 1, 8, and 10.
[13] Rec. Doc. 19-1, pp. 15, 19.

disciplinary write-up."[14] She then provided the following explanation as to why she believed these actions were discriminatory:

> I've had good evaluations as a supervisor, one major disciplinary report that involved 3 days suspension. Upon termination I was given an unfair disciplinary report that wasn't investigated properly.[15]

Then, when asked what reasons were given to her for the acts that she considered discriminatory, the plaintiff wrote:

> It's personally known that Initial Incident occurred with Detective Stan Suire, the Sheriff Michael Couvillion reporting acts were due to disliking Stan Suire and speaking in General Meeting.[16]

Later in the questionnaire, in the section designated only for those claiming discrimination based on disability, which the plaintiff was not, she nonetheless described being placed on light duty in the booking room as the result of a job-related knee injury.[17]

In light of the plaintiff's own statements, as contained in both her EEOC charge as well as her intake questionnaire, there is no indication that an EEOC investigation into gender discrimination, failure to promote or hostile work environment could reasonably be expected to grow out of the substance of the plaintiff's administrative charges or that the sheriff was ever put on notice thereof.

---

[14] Rec. Doc. 19-1, p. 12.
[15] *Id.*
[16] *Id.*
[17] *Id.* at p. 13.

Neither the alleged time period of the discrimination, which begins and ends on December 15, 2013, nor the substance of her allegations would reasonably be expected to lead to an investigation of any of those three causes of action. The Fifth Circuit has recognized the competing policies underlying Title VII's exhaustion requirement, to include on one hand, liberally construing the scope of an EEOC charge to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship, and on the other hand, advancing the "primary purpose of Title VII[, which] is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims."[18] As to the former, the Court notes in this case that the plaintiff indicated to the EEOC that she had consulted an attorney, whom she named in her questionnaire;[19] she then filed this case pro se and amended her complaint twice thereafter, before requesting appointment of counsel herein; and has proceeded with representation of counsel for most of the pendency of this case.

Given that the causes of action for failure to promote and hostile work environment were neither administratively exhausted nor properly asserted in any pleadings herein, those claims are not properly before the Court and may not be pursued at trial. Furthermore, given that the plaintiff failed to administratively

---

[18] *McClain*, 519 F.3d at 273 (internal citations omitted).
[19] Rec. Doc. 19-1, p. 14.

exhaust gender discrimination and has now failed to respond to the Court's notice of its intent to dismiss same, the plaintiff's claim for gender discrimination is dismissed and may not be pursued at trial.

Next, the plaintiff's arguments regarding her placement while on light duty were addressed in a separate order, granting the sheriff's motion in limine to exclude evidence of officers not similarly situated to the plaintiff.[20] To the extent the plaintiff's response seeks reconsideration thereof, the Court finds that the plaintiff has failed to allege any facts upon which the plaintiff's temporary placement, during certain times of injury or pregnancy, on light duty in one physical area, as opposed to another, may be found to qualify as a "transfer," much less an adverse employment action, requiring reconsideration of the Court's previous ruling. As stated therein, for Title VII discrimination claims, the Fifth Circuit has "held that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating."[21] Here, there is no assertion that this placement affected the plaintiff's job duties, compensation, or benefits.[22] "Additionally, [the Fifth Circuit] has held that a transfer or reassignment can be the equivalent of a demotion, and thus constitute an adverse

---

[20] *See* Rec. Doc. 62.
[21] *Id*. (citing *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (citations omitted)).
[22] *Id*.

employment action . . . if the new position proves objectively worse—such as being less prestigious or less interesting or providing less room for advancement."[23] Here, the plaintiff does not allege any other change in circumstances or responsibilities; rather, she alleges that, "while on light duty," she was made to work in the booking room instead of the front office, which was "objectively worse."[24] This allegation fails given that the plaintiff was not transferred to a "new position," nor has she alleged any change in job duties, compensation or benefits. The Court previously ruled on this issue, and the plaintiff has failed to establish that the prior ruling should be reconsidered.

Likewise, to the extent that the plaintiff has offered Kevin Hebert as a newly-designated, similarly situated officer, the plaintiff has failed to show that Hebert satisfies the Fifth Circuit's requirements, as set forth in the Court's ruling on the sheriff's motion in limine, for similarly situated comparators. Accordingly, prior to offering evidence of Hebert as a comparator during trial, the plaintiff shall lay a foundation for same, outside the presence of the jury.

As to retaliation, the Court's order noted that there does not appear to be any evidence of "protected activity" in this case, outside of the plaintiff's EEOC charge, which was initiated approximately eight months after her termination. The plaintiff's

---

[23] *Id.* (citing *Alvarado v. Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007)).
[24] Rec. Doc. 69, p. 4.

memorandum fails to respond thereto or otherwise set forth a prima facie case for retaliation. As such, the plaintiff's claim for retaliation is dismissed and may not be pursued at trial.

Accordingly, in light of the plaintiff's failure to come forward with evidence in support of a prima facie case for either gender discrimination or retaliation, after being put on notice of the Court's intent to dismiss same, and given their omission from the pretrial order, the plaintiff's claims for gender discrimination and retaliation are hereby dismissed with prejudice. Thus, the plaintiff may proceed to trial on her sole remaining claim for race discrimination.

Signed in Lafayette, Louisiana this 26th day of September, 2018.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE